# United States Bankruptcy Court
## District of Minnesota

# Voluntary Petition

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Otter Tail Ag Enterprises, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**41-2171784** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**24096 - 170th Avenue**<br>**Fergus Falls, MN**<br>ZIP Code **56537** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Otter Tail** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☑ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other

#### Tax-Exempt Entity
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

#### Nature of Debts
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☑ Debts are primarily business debts.

### Filing Fee (Check one box)

☑ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br><br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Otter Tail Ag Enterprises, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>■ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)               (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition

| | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Otter Tail Ag Enterprises, LLC** |

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Timothy D. Moratzka**
_____
Signature of Attorney for Debtor(s)

**Timothy D. Moratzka 0075036**
Printed Name of Attorney for Debtor(s)

**Mackall, Crounse & Moore, PLC**
Firm Name

**1400 AT&T Tower**
**901 Marquette Avenue**
**Minneapolis,, MN 55402**

Address

                     **Email: tdm@mcmlaw.com**
**(612) 305-1400  Fax: (612) 305-1414**
Telephone Number

**October 30, 2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Anthony J. Hicks**
_____
Signature of Authorized Individual

**Anthony J. Hicks**
Printed Name of Authorized Individual

**Chief Executive Officer**
Title of Authorized Individual

**October 30, 2009**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

In re:                                                             Chapter 11

Otter Tail Ag Enterprises, LLC,

            Debtor.                                      Case No._____

## PROOF OF AUTHORITY TO SIGN AND FILE PETITION

STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, Gary Thompson, declare under penalty of perjury that I am the Chairman of the Board of Otter Tail Ag Enterprises, LLC ("OTAE"), and that on October 22, 2009, the following resolution was duly adopted by the Board of Governors of OTA:

"Whereas, it is in the best interest of this limited liability company to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Anthony J. Hicks, Chief Executive Officer and Chief Financial Officer ("CEO") of OTAE, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of OTAE; and

Be It Further Resolved, that Anthony J. Hicks, CEO of OTAE, is authorized and directed to appear in all bankruptcy proceedings on behalf of OTAE, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of OTAE in connection with such bankruptcy case; and

Be It Further Resolved, that Anthony J. Hicks, CEO of OTAE, is further authorized and directed to employ Timothy D. Moratzka, attorney, and the law firm of Mackall, Crounse & Moore, PLC, 1400 AT&T Tower, 901 Marquette Ave, Minneapolis, MN 55402, to represent OTAE in such bankruptcy case."

Executed on: _10-22-2009_            Signed_____
                                              By: Gary Thompson
                                              Board Chairman
                                              Otter Tail Ag Enterprises, LLC

1109032.1-TDM

# United States Bankruptcy Court
## District of Minnesota

In re    **Otter Tail Ag Enterprises, LLC**                     ,     Case No. _____

                                 Debtor         Chapter _____ **11** _____

## Exhibit "A" to Voluntary Petition

1. If any of debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **000-53042**   .

2. The following financial data is the latest available information and refers to debtor's condition on   **09/30/09**   .

    a. Total assets                            \$     **66,630,906.69**

    b. Total debts (including debts listed in 2.c.,below)     \$     **85,991,138.00**

                                                         Approximate number of holders

    c. Debt securities held by more than 500 holders.

| | | | | Approximate number of holders |
|---|---|---|---|---|
| secured / / | unsecured / / | subordinated / / | \$ 0.00 | 0 |
| secured / / | unsecured / / | subordinated / / | \$ 0.00 | 0 |
| secured / / | unsecured / / | subordinated / / | \$ 0.00 | 0 |
| secured / / | unsecured / / | subordinated / / | \$ 0.00 | 0 |
| secured / / | unsecured / / | subordinated / / | \$ 0.00 | 0 |

    d. Number of shares of preferred stock            0            0

    e. Number of shares of common stock         23,935,500        1,120

      Comments, if any:

3. Brief description of debtor's business:
   **Debtor is in the business of manufacturing starch-based (corn) ethanol, as well as by-products dried distillers grain and wet distillers grain. Debtor's primary asset is its ethanol manufacturing plant located in Fergus Falls, MN**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **None**

# United States Bankruptcy Court
## District of Minnesota

In re  **Otter Tail Ag Enterprises, LLC**

Debtor(s)

Case No. _____

Chapter  **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Carlton Industries, LP<br>Attn:  Accounts Receivable<br>P O Box 280<br>La Grange, TX 78945 | Carlton Industries, LP<br>Attn:  Accounts Receivable<br>P O Box 280<br>La Grange, TX 78945 | Product/Parts | | 851.36 |
| Duncan Co.<br>425 Hoover ST NE<br>Minneapolis, MN 55413 | Duncan Co.<br>425 Hoover ST NE<br>Minneapolis, MN 55413 | Parts | | Unknown |
| Hawkins Inc<br>3100 East Hennepin Ave.<br>Minneapolis, MN 55413 | Hawkins Inc<br>3100 East Hennepin Ave.<br>Minneapolis, MN 55413 | Chemicals | | 28,223.28 |
| Natonwide Agribusiness<br>Processing Center<br>PO Box 10491<br>Des Moines, IA 50306 | Natonwide Agribusiness<br>Processing Center<br>PO Box 10491<br>Des Moines, IA 50306 | Work Comp Audit | | 910.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

In re   **Otter Tail Ag Enterprises, LLC**                                    Case No. _____
                              Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Chief Executive Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date   **October 30, 2009**                                Signature   **/s/ Anthony J. Hicks**
                                                                          **Anthony J. Hicks**
                                                                          **Chief Executive Officer**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# United States Bankruptcy Court
## District of Minnesota

In re    **Otter Tail Ag Enterprises, LLC**                              ,          Case No. _____

                                                   Debtor

                                                               Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 2 | 13,045,200.00 | | |
| B - Personal Property | Yes | 5 | 53,585,706.69 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 85,991,138.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 29,984.64 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 13 | | | |
| Total Assets | | | 66,630,906.69 | | |
| Total Liabilities | | | | 86,021,122.64 | |

# United States Bankruptcy Court
## District of Minnesota

In re    **Otter Tail Ag Enterprises, LLC**                           ,      Case No. _____

                                             Debtor

Chapter _____ **11**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

In re   **Otter Tail Ag Enterprises, LLC**                    ,      Case No. _____

                             Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **24096 - 170th Avenue, Fergus Falls, MN 56537**<br>**Legal Description:  See Schedule A Attachment** | **Fee simple** | - | **13,045,200.00** | **80,746,138.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **13,045,200.00** | (Total of this page) |
| Total > | **13,045,200.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                  Best Case Bankruptcy

## SCHEDULE A - REAL PROPERTY
### Attachment A

Debtor's Real Property is Legally-Described as:

All that part of the W ½ of Section 20, Township 133 North, Range 43 west of the Fifth Principal Meridian, situate in the County of Otter Tail and the State of Minnesota, lying South of the Railroad Right-of-way, EXCEPT the following described tracts of land.

The tract described as follows: That part of the SW 1/4 of Section 20, Township 133, Range 43, described as follows: Commencing at the Southwest corner of said Section 20; thence on an assumed bearing of East along the South line of said Section 20 a distance of 312.35 feet to the point of beginning of the land described; thence North 00º08'29" East a distance of 318.00 feet; thence on a bearing of East a distance of 180.00 feet; thence South 00º08'29" West a distance of 318.00 feet to said South line of Section 20; thence on a bearing West along said South line of Section 20, a distance of 180.00 feet to the point of beginning.

All that part of the following-described tract: The E 1/2 of W 1/2 of Section 20, Township 133, Range 43, except railroad right of way; which lies Easterly of a line run parallel with an distant 100.00 feet westerly of the following-described line: Beginning at a point on the North line of said Section 20, distant 99.15 feet East of the North Quarter corner thereof; thence run southerly to a point on the South line of said Section 20, 96.10 feet East of the South Quarter corner thereof, and there terminating; together with all that part of the above-described tract adjoining and westerly of the above-described strip and easterly of the following-described line:  From a point on the above-described line, distant 1,077.80 feet North of the South line of said Section 20, run westerly at right angles with said above-described line for 100.00 feet to the point of beginning of the line to be described; thence run southwesterly to a point which is distant 110.0 feet westerly (measured at right angles) from a point on the above-described line, distant 977.80 feet North of the South line of Section 20 (when measured along the above-described line); thence run southerly and parallel with said above-described line to the northeasterly boundary line of the railroad running in a southeasterly and northwesterly direction over and across the above-described tract; in addition to the existing highway; together with all right of access, being the right of ingress to and egress from all that portion of the above-described tract, not acquired herein, to Trunk Highway No. 392.

In re   **Otter Tail Ag Enterprises, LLC**            ,    Case No. _____

                               Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Petty cash** | - | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bremer Bank: Checking:  xxx1746** | - | 1,380,935.70 |
| | | **Bremer Bank - Sweep Acct. No. xxx1754** | - | 4,215,703.47 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **BP Gas & Power - Security for Letter of Credit issued by Security State Bank** | - | 750,000.00 |
| | | **Lake Region Electric Cooperative** | - | 200,000.00 |
| | | **BP Canada Marketing Corp. Covering Period Novembe 1 thru November 7, 2009** | - | 94,752.73 |
| | | **U.S. Energy Services, Inc. Period Covering November 1, thru November 8, 2009.** | - | 72,864.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >    **6,714,255.90**
(Total of this page)

  **3**   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    **Otter Tail Ag Enterprises, LLC**              ,    Case No. _____

                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Accounts Receivable (As of 10/28/09)** | - | **1,835,880.79** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >     **1,835,880.79**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037              Best Case Bankruptcy

In re  **Otter Tail Ag Enterprises, LLC**                                    ,      Case No. _____
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Easements:  See Attacment B-23 | - | Unknown |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Ford F150. Good Condition.  69,000 miles. | - | 18,405.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Office Equipment | - | 141,203.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Parts (as of 8/5/09) | - | 403,803.00 |
| | | Plant and equipment | - | 41,954,800.00 |
| 30. Inventory. | | Production based inventory | - | 1,990,554.00 |
| | | Ethanol Inventory | - | 526,805.00 |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

Sub-Total >      **45,035,570.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re    **Otter Tail Ag Enterprises, LLC**             ,       Case No. _____

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 53,585,706.69 |

Sheet  **3**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                       Best Case Bankruptcy

**Schedule of Otter Tail Ag Enterprises, LLC – Material Documents**

**PROPERTY EASEMENTS**

Rail road (O4)
    Land access lease
        Dated:      October 1, 2006
        $4200/year with 3% annual increments
        No OTVR/BNSF signatures
    Culvert under rail track
        Dated:      May 23, 2007
        Ammended: June 9, 2009
        Annual payment:
                2008   $400
                2009   $400
                2010   $600
                2011   $800
        Thereafter $800 / year with 3% annual increase

Pelican River Drainage (K2 & K5)
    Knudsen, Elsie           Dec 19, 2006 – No signatures
        Daniel & Phillip Jennen - Tenants
    Erlandson, Barbara  Dec 1, 2007
    Evavold, Geraldine Dec 1, 2007
    Martinson, Eileen    Dec 1, 2007
        The Dec 1, 2007 are three sisters each receives one third of $2000 / year
        plus 3% annual increase to a maximum of $6,500 or 25 years, each sister
        received 1,000 OTAE units

Otter Tail River Drainage & Gas pipeline

| | | |
|---|---|---|
| Bradow (B4) | August 14, 2006 | Onetime payment |
| Black Ridge Homes (B2 & F4) | April 25, 2007 | 12,500 units valued at $25,000 |
| Bilden (G4) | April 30, 2007 | Onetime payment |
| Bushell Enterprises (G4) | May 3, 2007 | Onetime payment |
| Kleinschmidt (G4) | April 26, 2007 | Onetime payment |
| Life Church (L2) | May 25, 2007 | Onetime payment |
| Schmidt A (G4) | May 3, 2007 | Onetime payment |
| Schmidt N (G4) | April 27, 2007 | Onetime payment |

In re   **Otter Tail Ag Enterprises, LLC**              Case No. _____

                               Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

     If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. <br><br> **AgStar Financial Services,PCA** <br> **1921 Premier Drive** <br> **Mankato, MN 56002** | - | | **March 28,2007** <br> **Mortgage** <br> **Real property,Plant, building, fixtures, solid waste disposal equipment, equipment, inventory, vehicles, cash, accounts, security deposits, accounts receivable.  Legal Description:  See Schedule A Attachment.** | | | | | |
| | | | Value $     66,630,906.69 | | | | 40,806,138.00 | 0.00 |
| Account No. <br><br> **MMCDC New Markets Fund II, LLC** <br> **119 Graystone Plaza** <br> **P O Box 623** <br> **Detroit Lakes, MN 56502** | - | | **Real property,Plant, building, fixtures, solid waste disposal equipment, equipment, inventory, vehicles, cash, accounts, security deposits, accounts receivable.  Legal Description:  See Schedule A Attachment.** | | | | | |
| | | | Value $     66,630,906.69 | | | | 19,175,000.00 | 0.00 |
| Account No. <br><br> **Otter Tail County Bonds** <br> **520 West Fir Avenue** <br> **Fergus Falls, MN 56537** | - | | **May 22, 2007** <br><br> **Real property,Plant, building, fixtures, solid waste disposal equipment, equipment.   Legal Description:  See Schedule A Attachment.** | | | | | |
| | | | Value $     55,000,000.00 | | | | 6,010,000.00 | 0.00 |
| Account No. <br><br> **US Bank National Association** <br> **Attn:  Patricia J. Kapsch** <br> **60 Livingston Avenue** <br> **Saint Paul, MN 55107** | - | | **May 3, 2007** <br><br> **Real property,Plant, building, fixtures, solid waste disposal equipment, equipment.   Legal Description:  See Schedule A Attachment.** | | | | | |
| | | | Value $     55,000,000.00 | | | | 20,000,000.00 | 0.00 |

__0__   continuation sheets attached

                                    Subtotal        85,991,138.00      0.00

                             (Total of this page)

                                       Total        85,991,138.00      0.00

             (Report on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                               Best Case Bankruptcy

In re  **Otter Tail Ag Enterprises, LLC**          Case No. _____
                                            Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

In re __Otter Tail Ag Enterprises, LLC_____ , Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **6351803**<br><br>**Carlton Industries, LP**<br>**Attn:  Accounts Receivable**<br>**P O Box 280**<br>**La Grange, TX 78945** | | - | | | 10/22/09<br>Product/Parts | | | | 851.36 |
| Account No. **232101**<br><br>**Duncan Co.**<br>**425 Hoover ST NE**<br>**Minneapolis, MN 55413** | | - | | | 10/1/09<br>Parts | | | | **Unknown** |
| Account No. **23201**<br><br>**Hawkins Inc**<br>**3100 East Hennepin Ave.**<br>**Minneapolis, MN 55413** | | - | | | 10/1/09<br>Chemicals | | | | 28,223.28 |
| Account No. **124438**<br><br>**Natonwide Agribusiness**<br>**Processing Center**<br>**PO Box 10491**<br>**Des Moines, IA 50306** | | - | | | 8/24/09<br>Work Comp Audit | | | | 910.00 |

| | | |
|---|---|---|
| __0__   continuation sheets attached | Subtotal<br>(Total of this page) | 29,984.64 |
| | Total<br>(Report on Summary of Schedules) | 29,984.64 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                    S/N:41904-091012   Best Case Bankruptcy

In re   **Otter Tail Ag Enterprises, LLC**           Case No. _____

                                Debtor(s)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

        Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Ag States Group**<br>**P O Box 64089**<br>**Saint Paul, MN 55164-0089** | **Insurance Plans** |
| **Bilden Farms LLC**<br>**208988 Cty Hwy 24**<br>**Erhard, MN 56534** | **Wet Case Sales** |
| **BP Canada Marketing Corp.**<br>**4211 Sosuth 143rd Circle**<br>**Omaha, NE 68137** | **Transportation Agreement** |
| **Caterpillar Financial Services**<br>**2120 West End Avenue**<br>**P O Box 34001**<br>**Nashville, TN 37203-0001** | **Pay Loader** |
| **Caterpillar Financial Services**<br>**2120 West End Avenue**<br>**P O Box 34001**<br>**Nashville, TN 37203-0001** | **Skid steer** |
| **Cenex Harvest States Inc.**<br>**5500 Cenex Drive**<br>**Inver Grove Heights, MN 55077** | Procurement  **Marketing Agreement** |
| **De-Lage Landen**<br>**P O Box 41602**<br>**Philadelphia, PA 19101-1602** | **Fork Lift** |
| **Delta-T Corporation**<br>**Jamie Haartzler & Mark Shmorhun**<br>**133 Waller Mill Road**<br>**Williamsburg, VA 23185** | **Technology License** |

Sheet 1 of 2 total sheets in Schedule of
Executory Contracts and Unexpired Leases

In re **Otter Tail Ag Enterprises, LLC**                                    Case No. _____
                              Debtor(s)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **Herc-U-Lift**<br>**5655 Highway 12 West**<br>**Maple Plain, MN 55359-0069** | **Track Mobile** |
| **Lake Region Electrical Coop**<br>**P O 643**<br>**Pelican Rapids, MN 56572-0643** | **Electric Supply Agreement** |
| **Lakes Area Network Solutions**<br>**1115 Westside Drive**<br>**Fergus Falls, MN 56537** | **IT Network** |
| **MN Special Liquids Inc.**<br>**401 S. Kniss**<br>**Luverne, MN 56156** | **Transportation** |
| **New Horizons Ag Services**<br>**P O Box 230**<br>**Herman, MN 56248** | **Corn Origination** |
| **Renewal Products Marketing Gr.**<br>**809 East Main St.**<br>**Suite 2**<br>**Belle Plaine, MN 56011** | **Ethanol** |
| **Willis Insurance**<br>**P O Box 93076**<br>**Chicago, IL   60673-3076** | **Insurance - Directors and Officers** |
| **Trinity Industries Leasing Co.**<br>**2525 Stemmons Freeway**<br>**Dallas, TX 75207**<br><br>**and**<br><br>**Trinity Leasing Customer Pmt.**<br>**W510131**<br>**P O  Box 7777**<br>**Philadelphia, PA 19175-0131** | **70 - DDGS Rail Cars** |

Sheet 2 of 2 total sheets in Schedule of
Executory Contracts and Unexpired Leases

In re     **Otter Tail Ag Enterprises, LLC**            ,     Case No. _____

                                                           Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                      Best Case Bankruptcy

# United States Bankruptcy Court
## District of Minnesota

In re __Otter Tail Ag Enterprises, LLC__

Debtor(s)

Case No. _____

Chapter __11__

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Executive Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __15__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __October 30, 2009__

Signature __/s/ Anthony J. Hicks__

**Anthony J. Hicks**
**Chief Executive Officer**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Minnesota

In re    **Otter Tail Ag Enterprises, LLC**            Case No.           _____

                                            Debtor(s)            Chapter     **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

#### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$70,864,445.00** | **2009 - January - September** |
| **$96,540,544.00** | **2008 - March-December** |

#### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                 SOURCE

**3. Payments to creditors**

None
■     *Complete a. or b., as appropriate, and c.*

    a.    *Individual or joint debtor(s) with primarily consumer debts.*   List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None
☐     b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF<br>PAYMENTS/<br>TRANSFERS | AMOUNT<br>PAID OR<br>VALUE OF<br>TRANSFERS | AMOUNT STILL<br>OWING |
|---|---|---|---|
| **Only payments made were in ordinary course of business for invoices not more than 30-45 days old.** | | **$0.00** | **$0.00** |

None
■     c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND<br>RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT<br>AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY<br>AND LOCATION | STATUS OR<br>DISPOSITION |
|---|---|---|---|
| **AgStar Financial Services, PCA, an United States Corporation, MMCDC New Markets Fund II, LLC, a Delaware limited liability company v. Otter Tail Ag Enterprises, LLC; US Bank National Association, Otter Tail County** | **foreclosure, replevin and receivership, Otter Tail County District Court, Minnesota, Pending.** | **Otter Tail County, 56-CV-09-2536** | **Pending** |

None
■     b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE<br>BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF<br>PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None
■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **Communicating for Agriculture Foundation** | | | **$200** |

**8. Losses**

None
■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Mackall Crounse & Moore, PLC**<br>**1400 AT&T Tower**<br>**901 Marquette Avenue**<br>**Minneapolis, MN 55402** | **See Application for Employment.** | |

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
| **Bremer Bank**<br>**2330 College Way**<br>**Fergus Falls, MN 56537** | **Anthony Hicks**<br>**Shannon Dirkes** | **No Contents** | |

**13. Setoffs**

None ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR                DATE OF SETOFF                AMOUNT OF SETOFF

**14. Property held for another person**

None ■  List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15. Prior address of debtor**

None ■  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                                NAME USED                                DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None ■  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☐  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| **Plant**<br>**24096 - 170th Avenue**<br>**Fergus Falls, MN 56537** | **Minnesota Pollution Control Agency**<br>**520 Lafayette Road North**<br>**Saint Paul, MN  55155-4194** | **August 11, 2009** | **Minn. Stat. §116.072** |

None ■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| **Minnesota Pollution Control Agency** **520 Lafayette Road North** **Saint Paul, MN 55155-4194** | **None** | **Settled by payment of Debtor to MPCA of $7,730 Minn. Stat. §116.072** |

**18 . Nature, location and name of business**

None
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Otter Tail Ag Enterprises, LLC** | 41-2171784 | **24096 - 170th Avenue Fergus Falls, MN 56537** | **Production of Ethanol.** | **March 2008** |

None
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                        ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Amy Kopperund - Employee** | **January 2008** |
| **Shannon Dirkes - Employee MN** | **September 2008** |
| **Anthony Hicks - Chief Executive Officer** | **May 2007** |

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Cheryl Hardymann-Employee** | **March 2007** |
| **Sue Mohagen-Employee** | **July 2005** |
| **Kelly Longtin - Employee** | **May 2006** |

None
☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **Boulay, Heutmaker, Zibell & Co. PLLP** | **7500 Flying Cloud Drive, Suite 800 Eden Prairie, MN 55344** | **9/24/07** |
| **Christianson & Associates, PLLP** | **302 5th Street South West Willmar, MN 56201** | **7/29/05** |

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **Shannon Dirkes - Employee** | |
| **Boulay, Heutmaker, Zibell & Co. PLLP** | **7500 Flying Cloud Drive, Suite 800 Eden Prairie, MN 55344** |
| **Christianson & Associates, PLLP** | **302 5th Street South West Willmar, MN 56201** |

None
☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **All Members of Debtor** | **All were issued:  2008-2009** |
| **AgStar Financial Services,PCA 1921 PRemier Drive MN** | |
| **MMCDC New Markets Fund II, LLC** | |
| **US Bank National Association** | |
| **Oppenheimer & Co. Inc.** | |
| **Security State Bank 128 East Washington Avenue Fergus Falls, MN 56537** | |

      **20. Inventories**

None
☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| **September 2009** | **Joe Kor and Keith Wetzel** | **$1,709,845** |
| **September 30,2009** | **Joe Kor and Heutmaker, Zibell & Co. PLLP** | **$1,990,554** |

None   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
☐

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| **September 2009** | **Anthony Hicks**<br>**24096 - 170th Avenue**<br>**Fergus Falls, MN 56537** |
| **September 30,2009** | **Anthony Hicks**<br>**24096 - 170th Avenue**<br>**Fergus Falls, MN 56537** |

**21 . Current Partners, Officers, Directors and Shareholders**

None   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☐

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| **N/A** | | |

None   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐        controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **No person owns more than 5%** | | |

**22 . Former partners, officers, directors and shareholders**

None   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the
■        commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year**
☐        immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Jerry Larson** | **Chairman of the Board** | **8/11/09** |
| **Mark Ellison** | **Secretary** | **7/31/09** |
| **Greg Smith** | **Board Member** | **8/4/09** |
| **Jeff Stanislawski** | **Board member** | **2/12/09** |
| **Ed Mehl** | **Board member** | **8/4/09** |
| **Lee Rogness** | **Vice Chairman** | **2/19/09** |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Anthony Hicks** | | **Received 5500 vested units of the company on Janaury 1, 2009.  Value is to be zero.** |
| **Kelly Longtin** | | **Received 2500 vested units of the company on Janaury 1, 2009.  Value is to be zero.** |

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
☐

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|
| **Hartford Life Insurance Co. Group #806156 401k Plan. Company contributes a 3% match.** | **41-2171784** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  __**October 30, 2009**__          Signature  __**/s/ Anthony J. Hicks**__
                                                   **Anthony J. Hicks**
                                                   **Chief Executive Officer**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Form 1007-1 - Statement Of Compensation By Debtor's Attorney**

# United States Bankruptcy Court
## District of Minnesota

In re  **Otter Tail Ag Enterprises, LLC**                              Case No. _____

Debtor(s)                              Chapter   **11**

## STATEMENT OF COMPENSATION BY ATTORNEY FOR DEBTOR(S)

The undersigned, pursuant to Local Rule 1007-1, Bankruptcy Rule 2016(b) and § 329(a) of the Bankruptcy Code, states that:

1.   The undersigned is the attorney for the debtor(s) in this case and files this statement as required by applicable rules.

2.   (a)   The filing fee paid by the undersigned to the clerk for the debtor(s) in this case is:    $   __**1,039.00**__

   (b)   The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:    $   **Hourly rate allowed by Court**

   (c)   Prior to filing this statement, the debtor(s) paid to the undersigned:    $   **See Application to Employ**

   (d)   The unpaid balance due and payable by the debtor(s) to the undersigned is:    $   __**See 2(b) above**__

3.   The services rendered or to be rendered include the following:
   (a)   analysis of the financial situation and rendering advice and assistance to the debtor in determining whether to file a petition under Title 11 of the United States Code;
   (b)   preparation and filing of the petition, exhibits, attachments, schedules, statements and lists and other documents required by the court;
   (c)   representation of the debtor(s) at the meeting of creditors;
   (d)   other services reasonably necessary to represent the debtor(s) in this case.

4.   The source of all payments by the debtor(s) to the undersigned was or will be from earnings or other current compensation of the debtor(s), and the undersigned has not received and will not receive any transfer of property other than such payments by the debtor(s), except as follows:

5.   The undersigned has not shared or agreed to share with any other person other than with members of undersigned's law firm any compensation paid or to be paid.

Dated:   __**October 29, 2009**__                   Signed:   /e/Timothy D. Moratzka
                                                       **Timothy D. Moratzka 0075036**
                                                       Attorney for Debtor(s)
                                                       **Mackall, Crounse & Moore, PLC**
                                                       **1400 AT&T Tower**
                                                       **901 Marquette Avenue**
                                                       **Minneapolis,, MN 55402**
                                                       **(612) 305-1400  Fax: (612) 305-1414**

LOCAL RULE REFERENCE:  1007-1

# United States Bankruptcy Court

## District of Minnesota

In re   **Otter Tail Ag Enterprises, LLC**           ,      Case No. _____

Debtor

Chapter          **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **There are more than 100 equity security holders** | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Executive Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **October 30, 2009**          Signature  **/s/ Anthony J. Hicks**

                                                   **Anthony J. Hicks**

                                                   **Chief Executive Officer**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

____**0**____ continuation sheets attached to List of Equity Security Holders

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                       Best Case Bankruptcy

# United States Bankruptcy Court
## District of Minnesota

In re   **Otter Tail Ag Enterprises, LLC**

Debtor(s)

Case No. _____

Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Executive Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **October 30, 2009**

**/s/ Anthony J. Hicks**

**Anthony J. Hicks**/**Chief Executive Officer**
Signer/Title

AG STATES GROUP
P O BOX 64089
SAINT PAUL MN 55164-0089


AGSTAR FINANCIAL SERVICES,PCA
1921 PREMIER DRIVE
MANKATO MN 56002


BILDEN FARMS LLC
208988 CTY HWY 24
ERHARD MN 56534


BOND TRUST SERVICES
ATTN: CONNIE KUCK
3060 CENTRE POINT DR.,#110
SAINT PAUL MN 55113-1105


BP CANADA MARKETING CORP.
4211 SOSUTH 143RD CIRCLE
OMAHA NE 68137


BREMER BANK
2330 COLLEGE WAY
FERGUS FALLS MN 56537


CARLTON INDUSTRIES, LP
ATTN: ACCOUNTS RECEIVABLE
P O BOX 280
LA GRANGE TX 78945


CATERPILLAR FINANCIAL SERVICES
2120 WEST END AVENUE
P O BOX 34001
NASHVILLE TN 37203-0001


CENEX HARVEST STATES INC.
5500 CENEX DRIVE
INVER GROVE HEIGHTS MN 55077

```
CLARK WHITMORE
MASLON EDELMAN BORMAN & BRAND
90 SOUTH 7TH ST, SUITE 3300
MINNEAPOLIS MN 55402-4140


DE-LAGE LANDEN
P O BOX 41602
PHILADELPHIA PA 19101-1602


DELTA-T CORPORATION
JAMIE HAARTZLER& MARK SHMORHUN
133 WALLER MILL ROAD
WILLIAMSBURG VA 23185


DUNCAN CO.
425 HOOVER ST NE
MINNEAPOLIS MN 55413


HAWKINS INC
3100 EAST HENNEPIN AVE.
MINNEAPOLIS MN 55413


HERC-U-LIFT
5655 HIGHWAY 12 WEST
MAPLE PLAIN MN 55359-0069


INTERNAL REVENUE SERVICE
SPECIAL PROCEDURES BRANCH
389 US COURTHOUSE-316 N.ROBERT
SAINT PAUL MN 55101


JESSICA MITCHELL
GRAY PLANT MOOTY
80 SO. 8TH ST., SUITE 500
MINNEAPOLIS MN 55402


LAKE REGION ELECTRICAL COOP
P O 643
PELICAN RAPIDS MN 56572-0643
```

LAKES AREA NETWORK SOLUTIONS
1115 WESTSIDE DRIVE
FERGUS FALLS MN 56537


MMCDC NEW MARKETS FUND II, LLC
119 GRAYSTONE PLAZA
P O BOX 623
DETROIT LAKES MN 56502


MN DEPT. OF REVENUE
COLLECTION ENFORCEMENT
551 BKY.SEC.-PO BOX 64447
SAINT PAUL MN 55164


MN POLLUTION CONTROL
520 LAFAYETTE RD NO.
SAINT PAUL MN 55155-4194


MN SPECIAL LIQUIDS INC.
401 S. KNISS
LUVERNE MN 56156


NATONWIDE AGRIBUSINESS
PROCESSING CENTER
PO BOX 10491
DES MOINES IA 50306


NEW HORIZONS AG SERVICES
P O BOX 230
HERMAN MN 56248


OTTER TAIL COUNTY BONDS
520 WEST FIR AVENUE
FERGUS FALLS MN 56537


PHILLIP L. KUNKEL
GRAY PLANT MOOTY ET AL
1010 WEST ST. GERMAIN, STE 600
SAINT CLOUD MN 56301

RENEWAL PRODUCTS MARKETING GR.
809 EAST MAIN ST.
SUITE 2
BELLE PLAINE MN 56011


SECURITY STATE BANK
128 EAST WASHINGTON AVENUE
FERGUS FALLS MN 56537


TIM ENDERSON
625 W. LINCOLN
FERGUS FALLS MN 56537


TRINITY INDUSTRIES LEASING CO.
2525 STEMMONS FREEWAY
DALLAS TX 75207


TRINITY LEASING CUSTOMER PMT.
W510131
P O BOX 7777
PHILADELPHIA PA 19175-0131


U.S. ENERGY SERVICES, INC.
605 NORTH HIGHWAY 169
SUITE 1200
MINNEAPOLIS MN 55441


US BANK NATIONAL ASSOCIATION
ATTN: PATRICIA J. KAPSCH
60 LIVINGSTON AVENUE
SAINT PAUL MN 55107


WILLIS INSURANCE
P O BOX 93076
CHICAGO IL 60673-3076

# United States Bankruptcy Court
## District of Minnesota

In re   __Otter Tail Ag Enterprises, LLC__        Case No. _____

                                      Debtor(s)        Chapter    __11__ _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Otter Tail Ag Enterprises, LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

__October 30, 2009__ _____
Date

__/s/ Timothy D. Moratzka__ _____
__Timothy D. Moratzka 0075036__
Signature of Attorney or Litigant
Counsel for   __Otter Tail Ag Enterprises, LLC__ _____
__Mackall, Crounse & Moore, PLC__
__1400 AT&T Tower__
__901 Marquette Avenue__
__Minneapolis,, MN 55402__
__(612) 305-1400 Fax:(612) 305-1414__
__tdm@mcmlaw.com__

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**Otter Tall Ag Enterprises, LLC**
Debtor(s).

**SIGNATURE DECLARATION**

Case No. _____

☒ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☒ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **October 29, 2009**

X _____
Signature of Debtor or Authorized Representative

X _____
Signature of Joint Debtor

**Anthony J. Hicks**
Printed Name of Debtor or Authorized Representative

_____
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)