UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                                          Chapter 11

Otter Tail Ag Enterprises, LLC,

        Debtor.                                                            Case No.09-61250-DDO

---

**APPLICATION BY DEBTOR TO EMPLOY CHAPTER 11 COUNSEL**
**(MACKALL, CROUNSE & MOORE, PLC)**

---

TO: United States Bankruptcy Judge and the United States Trustee and other parties in interest identified in Local Rule 2014-1.

    1.    The above-named debtor ("Debtor") has filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, Title 11, United States Code, and require representation in the course of this case.

    2.    Debtor wishes to employ the law firm of Mackall, Crounse & Moore, PLC, including lawyers in its bankruptcy group ("MCM"), to represent or to assist Debtor in carrying out its duties under Title 11 of the United States Code, and to perform other legal services necessary to Debtor's continuing operations.

    3.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition in this case was filed on October 30, 2009 (the "Filing Date"). The case is now pending in this Court.

    4.    This Application arises under 11 U.S.C. §§ 327 and 328, and Bankruptcy Rule 2014. This Application is filed under Local Rules 2014-1 and 9013-4. Debtor seeks an order authorizing the employment of MCM.

5.　　MCM was recommended to the Debtor by a number of professionals in the community, and Debtor believes that these attorneys are competent and experienced in Chapter 11 and related bankruptcy matters.

6.　　Debtor has not employed MCM from time to time in the past in regard to any business matters. With regard to financial matters, Debtor has employed the firm since August 7, 2009 and has paid the firm $65,532 for services and costs incurred prior to the Filing Date. Debtor has agreed that MCM will hold a retainer of $100,000 in trust for application against its final allowed fees.  Debtor also advanced into the firm's trust account $1,039 for payment of the filing fees herein.

7.　　Debtor proposes that they be obligated for payment of fees and expenses incurred in this case, and that employment be on a general retainer with fees to be paid on a reasonable fee basis, dependent primarily on the number of hours expended, but taking into consideration any risk that there may not be funds available to pay fees, any delay in making payments of fees, and such other factors as may be appropriate, subject to the approval of the Court.

8.　　In accordance with paragraph 8 of this Court's Instructions for Filing a Chapter 11 Case, Debtor proposes that (a) MCM be authorized to schedule a hearing on its applications for allowance of fees and reimbursement of expenses not more than once every ninety (90) days, (b) MCM be allowed to submit regular monthly bills to the Debtor, with copies to the Committee of Unsecured Creditors and the Office of the United States Trustee, and (c) the Debtor be authorized to pay up to 80% of such fees and 100% of costs on a monthly basis, subject to later court approval.

9.　　Debtor is engaged in the manufacture and sale of ethanol. Debtor expects to file a plan or take other action to exit Chapter 11. Debtor believes the estate can and should be

represented by MCM.

10. Debtor has reviewed the Unsworn Declaration of Timothy D. Moratzka and believe the attorneys selected by Debtor does not represent any non-Debtor entity in connection with this case, do not hold or represent any interest adverse to the estates, and are disinterested under § 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party asserts or is concerned that MCM is not disinterested, Debtor requests that a hearing be scheduled.

11. No previous application has been made for employment of Chapter II attorneys. Debtor is contemporaneously making application for employment of a financial consultant.

12. This application has been served on the parties set out in Local Rule 2014-1(a).

WHEREFORE, the above-name Debtor requests and order approving the employment of the law firm of MCM as Chapter 11 Counsel for Debtor.

Dated: 10/30/09

OTTER TAIL AG ENTERPRISES, LLC

By_____
Anthony J. Hicks
Chief Executive Officer

1109547.1-TDM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                  Chapter 11

Otter Tail Ag Enterprises, LLC,

        Debtor.                                              Case No.09-61250-DDO

---

**UNSWORN DECLARATION OF TIMOTHY D. MORATZKA AND STATEMENT OF COMPENSATION**

---

TO: United States Bankruptcy Judge and the United States Trustee and other parties in interest identified in Local Rule 2014-1.

      Timothy D. Moratzka makes the following declaration in support of the application of the above-named Debtor ("Debtor") to employ Mackall, Crounse & Moore, PLC ("MCM") as Chapter 11 counsel, and in compliance with 11 U.S.C. § 329(a), Bankruptcy Rule 2016(b), and Local Rule 1007-1.

      1.    I am an attorney and Member of the law firm of MCM. I am authorized to practice before the courts of the State of Minnesota, and the federal courts for the District of Minnesota, among others. I make this Unsworn Declaration in support of the Debtor's Application to Employ MCM as Chapter 11 counsel in this case.

      2.    MCM has performed a conflict check against a list of parties in interest furnished by the Debtor, including (a) the Debtor, (b) secured creditors of Debtor, (c) non-employee shareholders of the Debtor, (d) officers and directors of the Debtor and all affiliated companies, (e) other known attorneys and consultants, (f) all unsecured creditors. To the best of my knowledge and except as set out below, MCM does not represent any of these creditors or any other entity currently known by MCM in connection with this case. MCM further

1

agrees not to represent any other entity in connection with this case while employed by the Debtor. The firm will supplement this declaration, as necessary, after a final conflict check is completed as to all known creditors, and when and if other creditors become known.

3. No member of MCM has ever been an officer or director of the Debtor, and no member of MCM is an insider of the Debtor.

4. Based on the above-referenced conflicts check, and to the best of my knowledge, neither I nor MCM has represented or had any connection with the Debtor, its creditors, or any other party in interest, its attorneys or accountants, the United States Trustee, or any other person employed in the office of the United States Trustee within the meaning of Bankruptcy Rule 2014, except as stated below:

>   (a) Since approximately August 7, 2009, MCM has rendered legal services to the Debtor regarding debtor-creditor issues leading up to this case filing. Fees and costs for said representation have been paid as set out in paragraph 7 below.
>
>   (b) In the past, MCM has provided services to the Debtor in a matter unrelated to Debtor's creditor issues.
>
>   (c) MCM has provided services to certain entities in which certain of Debtor's officers and directors also serve as officers and directors. These entities are not creditors of and have no affiliation with any of the Debtors.
>
>   (d) As to other professionals, MCM has not provided any legal services to any other professional.
>
>   (e) MCM is frequently involved in Chapter 11 cases, representing debtors or creditors. As such, the firm can be adverse to the Office of the United States Trustee, and is often adverse to other attorneys and accountants and the interests of their clients. Timothy D. Moratzka is a Chapter 7 Panel Trustee.

None of the above relationships constitute actual conflicts, but may be "connections" within the meaning of Rule 2014 or potential conflicts, and are therefore disclosed. Both the firm clients and the Debtor has been advised of potential conflicts noted above and, where

2

necessary, have waived any such conflicts.

5. There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, MCM has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the above Debtor, without further disclosure, and we agree to disclose any connections that we may discover subsequent to the execution of this unsworn declaration.

6. Except as the Court may determine from the circumstances disclosed above, MCM does not hold or represent any interest adverse to the estate, and MCM is a "disinterested person," within the meaning of 11 U.S.C. § 327(a).

7. As noted above, MCM represented Debtor for a short period prior to the filing date. In that regard, Debtor has paid to the firm pre-petition fees of $65,532 and a retainer of $100,000, which is now held in trust by MCM. The Debtor also advanced $1,039 for payment of the filing fees herein. To the extent there are any unpaid fees and costs for the few days prior to the Filing Date, those fees and costs will be included and fully disclosed in MCM's first interim fee application.

8. The compensation agreed to be paid by the Debtor to MCM for its representation in these bankruptcy cases is a blended hourly rate customarily charged by MCM, and giving consideration for any risk that there may not be funds available to pay fees, any delay in payment of fees, and such other factors as may be appropriate, plus reimbursable expenses, all as may be allowed by the Court following periodic fee application.

9. The filing fee paid by the Debtor in this case is $1,039, paid from Debtor's funds held in trust by MCM.

10. The services rendered or to be rendered by MCM as Chapter 11 counsel include the following:

(a) Analyzing the Debtor's financial situation and rendering advice and assistance in determining how to proceed, which has included advice, negotiation and preparation of documents for a Chapter 11 filing;

(b) Assisting with preparation of filing of the petition, exhibits, attachments, schedules, statements, and lists, for stay motions, and other documents required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the Court in the course of these bankruptcy cases;

(c) Representing the Debtor at the meeting of creditors;

(d) Negotiating with creditors and other parties in interest;

(e) Making and responding to motions, applications and other requests for relief on behalf of the Debtor;

(f) Working with Debtor and other parties to obtain approval of a sale process and representing the estate in any sale, followed by a liquidating plan and disclosure statement;

(g) Performing other services requested by the Debtor or services reasonably necessary to represent the Debtor in this case, and;

(h) In addition to the above Chapter 11 services, continuing work related to international business law and wind energy, to carry on pre-filing representations.

11. The future source of all payments to MCM will be from earnings or other current income of the Debtor or from loans made to the Debtor. Except as set out above, MCM has not received and will not receive transfer of property other than such payments of the Debtor.

12. MCM has not shared or agreed to share with any other person, other than with members of the firm, any compensation paid or to be paid.

4

13. MCM requests that it be allowed to schedule fee applications at 90 day intervals and to receive monthly payment from the Debtor in accordance with the procedures set out in paragraph 8 of Court's Instructions for Filing a Chapter 11 Case, as requested by the Debtor in their Applications herein. MCM is a well established and long standing law firm in Minnesota. The firm is experienced in representing debtors in Chapter 11 cases, is aware of the conflict and disgorgement rules regarding representation of debtors in Chapter 11 cases, and has the financial ability to return fees if the Court so orders at any point in the case.

14. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: <u>October 30, 2009</u>              MACKALL, CROUNSE & MOORE, PLC

<u>/e/ Timothy D. Moratzka</u>
Timothy D. Moratzka (#75036)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
Phone: (612) 305-1400
Fax: (612) 305-1414

1109555.1-TDM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                                                    Chapter 11

Otter Tail Ag Enterprises, LLC,

                Debtor.                                                                                  Case No.09-61250-DDO

**ORDER APPROVING EMPLOYMENT OF MACAKLL CROUNSE & MOORE
ATTORNEY FOR DEBTOR**

      Upon application by the Debtor for an order approving the retention of Mackall, Crounse & Moore, PLC, including lawyers in its bankruptcy group ("MCM") as its attorneys in this case, the Court, having reviewed the Debtor's Application and the Unsworn Declaration of Timothy D. Moratzka and Statement of Compensation, filed herewith, and the certificate of review and recommendation for employment by the Office of the United States Trustee, and the files and records herein,

      **IT IS HEREBY ORDERED:**

      1.     The Debtor's Application to Employ Accountant for Debtor, requesting approval to retain MCM as attorneys for the Debtor is APPROVED.

      2.     MCM is authorized to make interim application for Court approval of fees and costs not more than once every 90 days, unless otherwise ordered by the Court.

      3.     Debtor is authorized to pay MCM's monthly invoices under the procedures in Instruction 8(c) of this Court's published Instructions for Filing a Chapter 11 Case.

Dated:_____                                                              _____
                                                                                                United States Bankruptcy Judge