## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Case No. _____

Otter Tail AG Enterprises, LLC

Chapter 11

Debtor

### APPLICATION TO EMPLOY BOULAY, HEUTMAKER, ZIBELL & CO., PLLP, AS ACCOUNTANT FOR DEBTOR

Otter Tail AG Enterprises, LLC ("Debtor"), the debtor in the above-referenced case, hereby applies to this Court for its order as follows:

1. The Debtor makes this application through Anthony Hicks, Chief Financial Officer of the Debtor. The Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), on October 30, 2009 (the "Filing Date"), and is currently operating as debtor-in-possession.

2. Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Debtor requests approval to employ the firm of Boulay, Heutmaker, Zibell & Co., PLLP ("BHZ"), as accountant for the Debtor. BHZ will prepare the audit of the 2009 year-end financial statements, as well as related tax consulting services. A copy of the specific retention letter is attached to the Affidavit of Jadin Bragg.

3. The Debtor has selected BHZ to act as its accountant during the pendency of this case because BHZ is the accountant who provided the Debtor with accounting services prior to the bankruptcy filing.

1494124v2

4. BHZ has agreed to perform services on an hourly fee plus costs basis. BHZ's hourly fees are expected to range from $104 - $395 per hour. Fees and costs shall be subject to court review and approval under §§ 329 through 331 of the Bankruptcy Code. BHZ has been paid a retainer of $70,000 and estimates its fees for the preparation of the audit for the 2009 financial statements will be approximately $70,000, but they retain the right to charge their actual fees incurred.

5. Applicant requests that interim applications for payment of such compensation be allowed to be made to the bankruptcy court not more than once every 90 days, unless otherwise ordered by the Court.

6. Applicant further requests that Debtor be permitted to pay BHZ invoices as received on a monthly basis, subject to the holdback of 20 percent of the invoiced fees as provided in Instruction 8(c) of the Court's published Instructions for Filing a Chapter 11 Case.

7. BHZ has agreed to disgorge and return such fees (and has the ability to do so) should the Court so order.

8. BHZ will calculate its fees for professional services in accordance with standard hourly rates for these services (as such rates are subject to normal adjustment from time to time for inflation and other factors).

9. The Debtor therefore requests an order of this court authorizing employment of BHZ as its accountants under the terms and conditions set forth herein.

Dated: 10/30/09

OTTER TAIL AG ENTERPRISES, LLC

Anthony Hicks
Its: Chief Financial Officer

1494124v2

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

---

In re:                                                         Case No. _____

Otter Tail AG Enterprises, LLC
                                                               Chapter 11

Debtor.

---

### AFFIDAVIT OF JADIN C. BRAGG

---

STATE OF MINNESOTA )
                    )ss
COUNTY OF HENNEPIN)

Jadin C. Bragg, being first duly sworn upon oath, states:

1. I am a Certified Public Accountant, licensed as such in the State of Minnesota, and a partner in the accounting firm of Boulay, Heutmaker, Zibell & Co., PLLP ("BHZ"), 7500 Flying Cloud Drive, Suite 800, Minneapolis, MN 55344. This affidavit is submitted in support of the application of Otter Tail AG Enterprises, LLC ("Debtor") to retain BHZ as its accountants in the above-referenced bankruptcy case in accordance with the terms of the attached retainer letter dated October 29, 2009.

2. BHZ has examined Schedule D – Creditors Holding Secured Claims of the Debtor, Schedule F - Creditor's Holding Unsecured Nonpriority Claims, a list of other potential parties in interest (such as utility providers, marketing agents, critical suppliers), a list of attorneys representing Debtor's secured creditors, and a list identifying other professionals that Debtor has retained. BHZ does not represent any third-party creditors so listed, but hereby discloses that the list contains the following former clients of BHZ: none.

3. BHZ does not hold or represent any interest adverse to the interest of the Debtor.

1494125v2

4. To the best of my knowledge, I have no connection with creditors of the Debtor, other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee.

5. BHZ has performed regular accounting services for the Debtor prior to the filing of its bankruptcy petition. As of October 30, 2009 BHZ held an unapplied retainer for pre-petition services in the amount of $75,300. Accordingly, the Debtor does not owe BHZ money for past services.

6. IF BHZ is retained and engaged as the accountants for the Debtor in this bankruptcy case, BHZ will perform such services according to its best skill and ability, and agrees, by execution hereof, to act in the capacity of such accountant to said Debtor in this proceeding and for the purposes as outlined in the Debtor's Application to employ Boulay, Heutmaker, Zibell & Co., PLLP, as Accountant for Debtor.

7. If BHZ is retained and engaged as the accountants for the Debtor in this bankruptcy case, the compensation paid for professional services rendered and to be rendered in connection with the case will be calculated according to the hourly rates of persons employed by BHZ, established from time to time, subject to Court approval, as provided in the Bankruptcy Code.

8. The hourly rates to be charged for the work done will vary depending on the type of work and the persons performing the work. The estimated cost of the year-end audit is approximately $70,000.

9. I request that BHZ be allowed to apply to the court on interim applications not more than once every 90 days for approval of such compensation, unless otherwise ordered by the court.

1494125v2

10. I request that BHZ be permitted to be paid by the Debtor, on its invoices, on a monthly basis, subject to a 20 percent holdback on invoiced fess, as provided in Instruction 8(c) of this Courts published Instructions for Filing a Chapter 11 Case. The Debtor in the application has agreed to this procedure.

11. BHZ agrees to disgorge and return such fees (and has the ability to do so) should the Court so order.

12. Fees and costs shall be subject to Court review and approval under §§ 329 through 331 of the Bankruptcy Code.

13. BHZ has not made any agreement with an external entity for the sharing of any fees earned in connection with said representation.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Jadin C. Bragg, CPA

Subscribed and sworn to before me this 30 day of October, 2009.

Sheleen C. Fagan
Notary Public



1125267.1-MAB

1494125v2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                                              Case No. 09-61250-DDO

Otter Tail AG Enterprises, LLC

                                                                                                         Chapter 11

Debtor.

---

**ORDER APPROVING EMPLOYMENT OF BOULAY, HEUTMAKER, ZIBELL & CO., PLLP, AS ACCOUNTANT FOR DEBTOR**

---

Upon application by the Debtor for an order approving the retention of Boulay, Heutmaker, Zibell & Co., PLLP ("BHZ") as its accountants in this case, the Court, having reviewed the Debtor's Application and the Affidavit of Jadin C. Bragg, filed herewith, and the certificate of review and recommendation for employment by the Office of the United States Trustee, and the files and records herein,

**IT IS HEREBY ORDERED:**

1.  The Debtor's Application to Employ Accountant for Debtor, requesting approval to retain BHZ as accountant for the Debtors is APPROVED.

2.  BHZ is authorized to make interim application for Court approval of fees and costs not more than once every 90 days, unless otherwise ordered by the Court.

3.  Debtor is authorized to pay BHZ's monthly invoices under the procedures in Instruction 8(c) of this Court's published Instructions for Filing a Chapter 11 Case.

Dated:_____                    _____
                                                                                                 United States Bankruptcy Judge